F. M. LAW, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANCES MANN LAW, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 23486, 23487. Promulgated July 28, 1930.

*Fred R. Angevine, Esq.*, for the petitioners.
*A. H. Fast, Esq.*, for the respondent.

OPINION.

LOVE: No controversy exists in regard to the fact that for the entire period of its life the Deepwater Oil Refineries operated as a trust under the trust agreement of August 2, 1919, as amended July 9, 1920. For that reason it is not important to introduce here either the original declaration of trust or the amendment thereto, because precisely the same conditions prevailed in 1923 as in 1920 and 1921, when the Commissioner conceded that this petitioner was taxable as a trust.

Section 704 of the Revenue Act of 1928 provides that:

(a) If a taxpayer filed a return as a trust for any taxable year prior to the taxable year 1925 such taxpayer shall be taxable as a trust for such year and not as a corporation, if such taxpayer was considered to be taxable as a trust and not as a corporation either (1) under the regulations in force at the time the return was made or at the time of the termination of its existence, or (2) under any ruling of the Commissioner or any duly authorized officer of the Bureau of Internal Revenue applicable to any of such years, and interpretative of any provision of the Revenue Act of 1918, 1921, or 1924, which had not been reversed or revoked prior to the time the return was made, or any such ruling made after the return was filed which had not been reversed or revoked prior to the time of the termination of the taxpayer's existence.

The existence of the Deepwater Oil Refineries terminated October 31, 1923. A careful search through June, 1924, has not revealed to us any such reversal or revocation, nor did counsel for respondent contend that there had been any, so, inasmuch as the Deepwater Oil Refineries filed a return as a trust for 1923, we are of the opinion that for that taxable year such taxpayer was taxable as a trust, and we sustain petitioner upon this point.

Counsel for respondent has not favored us with a brief, but relies upon *Clarence M. Busch et al.*, 17 B. T. A. 592, and *Burk-Waggoner Oil Association* v. *Hopkins*, 269 U. S. 110, to controvert petitioners' contention that in the circumstances that we have before us the beneficiaries of this trust may deduct from their individual returns for 1923 their *pro rata* of the loss sustained in the operations of the trust for the first ten months of 1923 to October 31, the date of its dissolution.

On the other hand, petitioners, while acknowledging their familiarity with the long line of cases in which the Board has held adversely in questions similar to the contention here, proceed upon the theory that their case is to be distinguished from the *Mary P. Eno Steffanson*, 1 B. T. A. 979, and other cases decided on the

authority of *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428. Petitioners contend that under the laws of the State of Texas the beneficiaries of the Deepwater Oil Refineries, a trust, constitute a partnership and are liable as partners for the debts of the trust in proportion to their interest therein; consequently, operating losses of the trust are losses sustained by the beneficiaries to the extent of their interest, and that, therefore, they should be allowed a corresponding deduction upon their individual returns. Petitioners cite *Julia N. DeForest*, 4 B. T. A. 1059, as authority for their contention, referring to the *DeForest* case as analogous to their own and arguing that in the *Steffanson* case, *supra*, and similar cases decided on the authority of *Baltzell* v. *Michell*, *supra*, the trust is either *testamentary* in character or created to hold and manage property, and that the loss claimed is a capital loss; while in the *DeForest* case the trust was created to enforce rights under a patent and to collect royalties therefrom, no claim being made for a net loss deduction. Petitioners submit that the *DeForest* case and the case before us are closely comparable and that each is readily distinguishable from the *Baltzell* v. *Mitchell* line of cases, since here, as in the *DeForest* case, no net loss is claimed, and the only way in which the benefit of a deduction provided by statute can be obtained by petitioners is as a deduction on their individual returns, for the reason that it is impossible to apply the net loss provision because of the termination of the trust.

We find no difficulty in distinguishing between the case that we have under consideration here and the *DeForest* decision, upon which petitioners so strongly rely. Their contention is not, as we understand the matter, that under the circumstances of the *DeForest* case (which circumstances are not duplicated here) they would be entitled to the deductions they claim, but fundamentally their claim rests upon the allegations of *partnership*. Petitioners assert that it necessarily follows that if the beneficiaries of a trust are partners, and as such are liable for partnership debts, they each should be permitted to take as a deduction upon his return a proportionate share of the losses of the partnership. But a basic fallacy in that reasoning lies in the fact that the Supreme Court of the United States has held that although a business organization may be deemed a partnership, and the holders of interests therein held liable as partners, in administering the income-tax laws, if the internal features of such an organization, or the machinery of its operation, be such as to bring it within the scope of an association as contemplated in the several revenue acts, and taxable as a corporation, then it shall be so taxable regardless of the local law of its domicile as to the

liability of interest holders. In delivering the opinion of that court in *Burk-Waggoner Oil Association, supra,* Mr. Justice Brandeis said:

The term partnership as used in these sections 218 (a) and 335 (c) of the 1918 Act obviously refers only to ordinary partnerships. Unincorporated joint-stock associations, although technically partnerships under the law of many states, are not in common parlance referred to as such.

It is true that the court was discussing the right of the Government to tax as a corporation a joint-stock association in the form of a " Massachusetts trust," and was not considering the effect of section 704 (a) of the Revenue Act of 1928, which was not then in existence; but we see no reason to believe that anything contained in that act would alter or modify the court's opinion so as to hold that the beneficiaries of a trust were under any circumstances *partners,* for the administrative purposes of that act or any prior act, the provisions of which were in any respect affected thereby.

We are of the opinion, therefore, that though the Deepwater Oil Refineries was taxable as a trust in 1923, petitioners are not entitled to deduct, on their individual returns, as partners in the trust or in any other manner, their *pro rata* of any loss that the trust may have sustained through its operations for the first ten months of 1923 to October 31, the date of its dissolution. Though in the light of our opinion it is not a matter of material importance, we believe that petitioners have failed to show that they sustained any loss whatever through the operations of the trust in 1923. The evidence does not disclose what petitioners received in lieu of their beneficial interest in the trust at the time of its liquidation; but that they received something is not to be doubted. What the value of that " something " was does not appear beyond the statement of counsel that if the assets of the trust were distributed at the time of its dissolution, either in kind or in cash or its equivalent, they were diminished in value to the extent of the loss; and that if the assets of the trust were turned over to the succeeding corporation and the beneficiaries received stock of the corporation in return, the value of the stock so received must necessarily have been decreased to the extent of the loss; neither of which contentions do we concede without proof.

*Judgment will be entered for the respondent.*