McKELVY et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 5891.

Circuit Court of Appeals, Third Circuit.

Feb. 19, 1936.

J. Merrill Wright and J. Stanton Carson, both of Pittsburgh, Pa. (Wright & Rundle, of Pittsburgh, Pa., of counsel), for petitioners.

John G. Remey, Sp. Asst. to the Atty. Gen., of Washington, D. C., Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., for respondent.

Before BUFFINGTON and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

As we hold that under the policies here concerned the sons of Mrs. McKelvy, the taxpayers, were the owners thereof, and that their mother had no right to change the beneficiary or power to surrender or to borrow on the security of such policies, it follows that the first question here involved is: "Are the proceeds of policies of life insurance issued subject to the laws of Pennsylvania prior to the effective date of the Revenue Act of 1918, in which decedent, as the insured, retained neither reversionary interest nor the power to change the beneficiary, nor the power to surrender for cash or to borrow upon the security thereof, but where such cash surrender and loan values were given expressly to the 'Owner' of the policies, to be included in the decedent's gross estate for the purposes of Federal estate taxation under the Revenue Act of 1926, as amended and supplemented by the Revenue Act of 1928?"

So regarding the policies, in accordance with the opinion of this court in Pennsylvania Co., Ex'rs of Henderson's Estate, v. Commissioner, 79 F.(2d) 295, 297, certiorari denied Helvering v. Pennsylvania Co., 56 S.Ct. 310, 80 L.Ed. ——, where this court held: "Being of opinion the insured could not change the beneficiary, surrender the policy for cash, or obtain loans thereon without consent of the beneficiary, it follows that his estate acquired no interest in the policy on his death," we hold, in the present case, that the Board of Tax Appeals was in error in its holding to the contrary.

The second question here involved concerns a policy for $30,000 taken out by the taxpayer, payable to the "insured's executors, administrators or assigns," but, subsequently, at her request, made payable to certain charitable and philanthropic institutions, and without any power retained by her to change beneficiaries or to surrender or borrow on the policy. At her death, the $30,000 was received by the beneficiaries, and no right, interest, or property in the policy passed to her estate. By the taxation action taken in this case the decedent's estate was taxed $4,649.18 as part of taxpayer's gross estate. Thereupon there arose the second question here involved, namely: "Where the full $40,000 exemption for insurance has first been taken, are the proceeds of a policy of insurance payable in toto to charitable or philanthropic institutions to be allowed in full as a deduction from the gross estate for the purpose of determining the estate tax, or must they be prorated in the proportion of the total insurance includable in the gross estate with the total amount of taxable insurance before the exemption has been taken out?"

As, bearing on life insurance policies, the Revenue Act of 1926 includes in the gross estate of a decedent "to the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life" (section 302 (g), 26 U.S.C.A. § 411 (g), thus it will be seen that the insurance under this policy never was receivable by the executors, but was an assigned claim owned solely and irrevocably by the assignees, and was never received by the executors as part of her estate. In view of that fact, and of the provision in the act that "for the purpose of the tax the value of the net estate shall be determined * * * by deducting from the value of the gross estate * * * the amount of all * * * transfers * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, * * * purposes" (section 303 (a) (3), 44 Stat. 72, 26 U.S.C.A. § 412 and note), which was the case here, we find no statute expressly warranting the action

of the taxing authorities, and to allow them by indirection to in any way tax the decedent's estate, or to exact the tax from charities expressly exempt from taxation, would be unjust. So holding, the action of the Tax Board is reversed, and the record remanded for procedure in accordance herewith.