## COMMISSIONER OF INTERNAL REVENUE v. PUPIN'S ESTATE et al.

### No. 85.

Circuit Court of Appeals, Second Circuit.

Nov. 20, 1939.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Louise Foster, Sp. Assts. to Atty. Gen., for petitioner.

Harry W. Forbes, of New York City, for respondent.

Before L. HAND, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The question is whether the estate of Michael I. Pupin, deceased, is liable for additional estate tax. The decedent died in 1935, leaving an estate subject to estate tax. During his lifetime he had taken out policies of insurance on his life. Insurance of a value of $51,122.20 was payable to his daughter. Other insurance, $50,000 in

amount, was payable to Columbia University. By section 302 of the Revenue Act of 1926, $40,000 of the life insurance was free from estate tax. Section 302 reads:

"The value. of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated. * * *

"(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life." 26 U.S.C.A. § 411(g).

Section 303 provides for deductions from the gross estate in determining the net estate for purpose of tax:

"For the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate. * * *

"(3) The amount of all bequests, legacies, devises, or transfers, to or for the use of * * * any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *. The amount of the deduction under this paragraph for any transfer shall not exceed the value of the transferred property required to be included in the gross estate." 26 U.S.C.A. § 412 (d).

In the estate tax return the administratrix included in the gross estate $61,122.20 of the life insurance, being the amount in excess of $40,000, which was obviously correct, and claimed a deduction of $50,000 from the gross estate on account of the insurance in favor of Columbia University. The commissioner gave notice of a deficiency. He held that the $40,000 exclusion under section 302 should be prorated between the policies, $19,778.05 to the insurance payable to Columbia University and $20,221.95 to the insurance for the daughter, and that the amount of· deduction for the transfer to Columbia University under section 303 was $50,000 less the $19,778.05 already excluded from the gross estate, or $30,221.95. This meant an increase in the net taxable estate of $19,778.05 and a corresponding tax deficiency of $2,056.91. The administratrix took the point to the Board of Tax Appeals, which decided in her favor.

The commissioner is right in saying that in effect the administratrix allocated the $40,000 exemption under section 302 to the insurance for the daughter. This is true because section 303 limits a deduction on account of a transfer for educational purposes to the value of the transferred property included in the gross estate. The deduction· here being taken at $50,000, it necessarily means that the entire $40,000 exemption was applied against the insurance for the daughter.

But the question remains whether it was not the intention of Congress in a case like the present, insurance in favor of a kinsman and insurance in favor of a college, that the estate might allocate the $40,000 exemption under section 302 to the former insurance and subtract the latter insurance from the gross estate under section 303 as a transfer for an educational purpose. Section 302 does not make any allocation of the exemption. The two sections, 302 and 303, are therefore to be interpreted and applied so as to effectuate the purpose of Congress in imposing the tax. See Estate of Sanford v. Commissioner of Internal Revenue, 60 S.Ct. 51, 84 L.Ed. ——, decided by the Supreme Court November 6, 1939. We know that it was the purpose to encourage bequests or similar transfers to charities by relieving the estate from tax on the bequeathed or transferred property, quite as fully as though that property had had no existence. Edwards v. Slocum, 264 U.S. 61, 44 S.Ct. 293, 68 L.Ed.·564; United States v. Provident Trust Co., 291 U.S. 272, 54 S.Ct. 389, 78 .L.Ed. 793. With the property transferred to Columbia out of the case, the daughter's insurance would take the full benefit of the $40,000 exemption. On the other hand, the apportionment proposed by the commissioner would make the estate·pay a larger tax than if there had been no insurance payable to Columbia, a result never intended by Congress.

The commissioner relies on section 314, 26 U.S.C.A. § 426, to the effect that if part of the gross estate consists of proceeds of life insurance receivable by a beneficiary other than the· executor, the executor may recover from the beneficiary such portion of the total tax as the proceeds of insurance in excess of $40,000 bear to the net estate, and that if there is more than one beneficiary the executor may recover from them in the same ratio. The intent of the section is that beneficiaries under insurance policies shall bear their fair proportion

of the tax. It has no application to a case where no part of the total tax is attributable to the life insurance, as where the insurance is in favor of a charity.

The Board's decision was in accord with McKelvy v. Commissioner, 3 Cir., 82 F. 2d 395. We think that the decision was right.

Affirmed.