## PAINE et al. v. UNITED STATES.
### No. 97.

District Court, D. Massachusetts.
April 16, 1940.

S. R. Wrightington, of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., for defendant.

FORD, District Judge.

This is an action properly brought to recover federal income taxes paid on the estate of the decedent, hereinafter referred to, for the year 1935.

The sole question involved in this case is whether the trust known as the Alaska Building Trust is a strict or pure trust, or an association taxable as a corporation under Section 801 of the Revenue Act of 1934, 48 Stat. 771, 26 U.S.C.A. Int.Rev.Code, § 3797.[1]

### Findings of Fact.

Rene E. Paine, hereinafter referred to as the decedent, at the time of his death, owned a one-fourth interest in the Alaska Building Trust. The plaintiffs-executors in their tax return for the period above stated deducted the sum of $4,388.38 as the decedent's proportionate share of an alleged loss for depreciation sustained by the only asset of the trust, i. e., the Alaska Building, in 1935. The Commissioner refused to allow the deduction on the ground that the trust indenture created an association taxable as a corporation rather than a trust; that the trustees should have made returns as a corporation in which the deduction would be claimed and, consequently, the beneficiaries were not entitled to claim it.

The history of the Alaska Building Trust is as follows:

Robert D. Evans of Boston, who died in 1909, gave the use of his estate to his widow, Maria Antoinette Evans, for her life and thereafter one-half to his heirs at law and the other half to the appointees under the will of said Maria Antoinette Evans. The latter, as executrix, with practically the powers of a trustee invested a large part of the estate of her husband in the Alaska Building in Seattle, in the State of Washington, in 1910. The Alaska Building Trust was created by her in 1917. Later, by her will she exercised the power of appointment under her husband's will and bequeathed and devised her one-half interest in the building to different persons and charitable organizations. As a result, in accordance with the will of Mr. Evans and her will, the two heirs of law of her husband, one of whom was the decedent, and the designated appointees under her will became the only beneficiaries under the original trust. Mrs. Evans died in 1917. Thereafter, the lessee of the Alaska Building failed, the lease was cancelled, and the building was rented. The original trust created by Mrs. Evans was terminated and a second trust, the one concerned here, was created January 3, 1927, with the same beneficiaries in the same proportionate shares, and title to the building, the one asset of the trust, was transferred by the old trustees to the new trustees.

The declaration of trust provided that the Alaska Building, which was a fifteen-story office building and which included fixtures and equipment, was to be held by the trustees for the benefit of various persons, charitable organizations, and institutions of learning. It provided that the trust was to have no other asset outside of the said building and the income or proceeds from the sale of the building were not to be invested in any other property except for replacement in the event of fire. The trustees had the right to employ all agents necessary for the management of the building and to pay all expenses from the rentals. They were to receive a reasonable compensation. The trustees had full power to lease and also to sell the premises at any time. The powers of the trustees were to continue until the final sale and distribution of the proceeds, but in no event beyond April 11, 1942. There were no transferable certificates or shares.

The evidence was, and I find it to be a fact, that the purpose of the first trust that was set up April 11, 1917 by Mrs. Evans was to facilitate distribution among Mr. Evans' heirs and the appointees under Mrs. Evans' will. This first trust, with which we are not concerned, made provision for the issuance of transferable shares, had corporate features, and was, admittedly, in form an association and taxed as a corporation. Because of the institution of quo

---

[1] "Sec. 801. Definitions

"(a) When used in this Act— * * *

"(2) The term 'corporation' includes associations, joint-stock companies, and insurance companies."

warranto proceedings by the State of Washington, wherein it was complained that the 1917 trust was violating the law as an association, the present trust was formed in 1927 with the same beneficiaries and the same trustees.

The trustees of the present trust made constant efforts to sell the building for the purpose of liquidation but were prevented from accomplishing this result because of the inactivity in the real estate market in Seattle.

The only asset of the trust, to wit, the building which the trust had, or ever could have, under the terms of the trust indenture was managed by employing an agent to conduct rental negotiations, collect rents, and, after paying necessary operating bills, to remit the balance to the trustees for distribution among the beneficiaries. There was no other activity engaged in by the trust.

### Discussion.

The characteristics that a trust must possess to constitute it an association, within the meaning of the provisions of the Revenue Act quoted above, are enumerated in the cases of Morrissey et al. v. Commissioner of Internal Revenue, 296 U.S. 344, 356, 357, 56 S.Ct. 289, 80 L.Ed. 263; Swanson et al. v. Commissioner of Internal Revenue, 296 U.S. 362, 56 S.Ct. 283, 80 L.Ed. 273; Helvering v. Combs et al., 296 U.S. 365, 56 S.Ct. 287, 80 L.Ed. 275; and in Article 801-2 of Treasury Regulations. Upon the authority of these cases and of Codman v. United States, D.C., 30 F.Supp. 732, and Sears et al. v. Hassett, D.C., 31 F.Supp. 179, the defendant contends this court should hold that the trust herein was an association within the meaning of the applicable provisions of the Revenue Act. However, an analysis of these cases, not made here, will readily show that they are not applicable to the facts involved in the instant case.

The trust here was not formed to carry on any business enterprise. There was no business trust created to provide a medium for the conduct of a business and sharing its gains. The trust here was formed for the purpose of holding and conserving a particular piece of real estate until distribution could be made of it among the beneficiaries. It was obviously established for the purpose of liquidating and settling an estate. A further significant character-

istic of this trust, which bears out this conclusion, is that under the terms of the trust the income or proceeds of the sale of its sole asset were never to be invested in, or obligated to pay for, any other property, real or personal. Nor was there any resemblance in this trust to a corporation. There were no beneficial shares transferable by the terms of the trust. The trust here, as the plaintiffs argue, is similar to the ordinary trust under a will in which the powers of the trustees are expressly restricted to producing income for the beneficiaries from the trust res they have in the beginning and where the trustees are absolutely forbidden to acquire other real estate. That it was a liquidating trust is evidenced by the fact that the trustees at all times made serious efforts to sell the building for purposes of distribution. The facts here involved are similar to those appearing in the cases of Helvering v. Washburn, 8 Cir., 99 F.2d 478; A. A. Lewis & Co. et al. v. Commissioner of Internal Revenue, 301 U.S. 385, 57 S.Ct. 799, 81 L.Ed. 1174.

### Conclusions.

█ It is my conclusion that the trust involved here is not an association within the meaning of Section 801 of the Revenue Act of 1934; that it is a strict trust and taxable as such.

█ The only issue involved in this case at the time of trial was whether the Alaska Building Trust was a pure trust or an association taxable as a corporation. The only ground assigned by the Commissioner in making the deficiency assessment and in refusing the claim for refund was that the trust was taxable as a corporation. Later, the briefs filed by the defendant presented an issue not specifically raised by the defendant in its answer (see Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c), and as to which, the plaintiffs were deprived of the opportunity to present factual evidence that would necessarily be involved in deciding the issue. Cf. Hartley v. Commissioner of Internal Revenue, 8 Cir., 72 F.2d 352, 357. However, the court has considered the contentions of the defendant in this regard and find them without merit.

Judgment may be entered for the plaintiffs in the sum of $1,503.06, with interest and costs.