## GREY et ux. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7410.

Circuit Court of Appeals, Seventh Circuit.

Feb. 28, 1941.

154

Their distributive share, by statute, is deductible by the trustees in computation of the taxable income of the trust.

The trust income includes certain tax-exempt dividends and interest. In 1934, the trust property sustained a depreciation of $26,314.78. Petitioner now contends that all depreciation and tax exempt items of income should be credited to and deducted from the income of the individual beneficiaries in determining their taxable incomes. The respondent insists that each beneficiary should be credited only with his proportionate share of depreciation and the exempt items of income. Under petitioner's contention, he is entitled to deduct 8⅓ per cent of depreciation and tax exempt items; under the respondent's, 4⅙ per cent.

Under the revenue acts a trust is regarded as a taxable party separate and distinct from its beneficiaries. Merchants' L. & T. Co. v. Smietanka, 255 U.S. 509, 41 S.Ct. 386, 65 L.Ed. 751, 15 A.L.R. 1305; Baltzell v. Mitchell, 1 Cir., 3 F.2d 428, certiorari denied, 268 U.S. 690, 45 S.Ct. 510, 69 L.Ed. 1159. For this reason, the trust alone may deduct a capital loss sustained by it, not the beneficiary. Anderson v. Wilson, 289 U.S. 20, 53 S.Ct. 417, 77 L.Ed. 1004. The latter rule is illustrated in the present case by the fact that the trust sustained such a loss, no part of which was or can be credited to the beneficiaries.

By Section 23(k) of the Revenue Act of 1928, c. 852, 45 Stat. 791, 799, 26 U.S.C.A. Int.Rev.Acts, page 358, Congress provided for apportionment of the allowable depreciation deduction between the beneficiaries of a trust and the trustee. This provision was retained in the Act of 1934, c. 277, § 23 (l) 48 Stat. 680, 688, 26 U.S.C.A. Int.Rev.Acts, page 673, as follows: "In the case of property held in trust the allowable deduction [for depreciation] shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each."

The instrument creating the trust here involved contains no directions to set up a depreciation reserve or to allocate depreciation among the beneficiaries or between the trustee and the beneficiaries. Nor is there any law of the state requiring the trustees to set up such a reserve or make allocation. The trust instrument merely stipu-

Arthur R. Foss and Geo. T. Christie, both of Chicago, Ill., for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., for respondent.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Petitioner Charles F. Grey seeks to reverse a decision of the Board of Tax Appeals approving a deficiency in his income tax for 1934 in the amount of $439.55. His wife joins in the petition because the tax return was joint in character. We are concerned, however, only with questions relating to his income. He is a beneficiary under a trust created by his grandfather, entitled to receive 4⅙ per cent of its net income. Under the provisions of the testamentary trust, of its net income 50 per cent is distributable to individual beneficiaries and 50 per cent to charitable institutions, all of the latter of whom, under the statute, are exempt from tax.

lated that the trustees pay taxes and assessments and all other legitimate charges, including a reasonable compensation for themselves, and distribute the net income, 50 per cent to the individual beneficiaries and 50 per cent to charitable institutions. Under these provisions, the charitable institutions were income beneficiaries, that is, persons for whose benefit and enjoyment property was held in trust. Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365; Restatement of Law of Trusts, §§ 3(4), 127. Since, under the revenue statute, the apportionment of depreciation allowance is to be made on the basis of the trust income allocable to the beneficiaries and the trustee, it follows that the taxpayer was entitled to only his proportionate share, 4⅙ per cent. To conclude otherwise would be to insert into the act, before the words "trust income," the word "taxable."

We must bear in mind the distinction between taxable income of the trust and its income distributable under the trust. It is of no avail to inquire as to the taxable income of the trust. The question is whether the parts of its distributable income delivered to the individual beneficiaries shall receive credit for all of the depreciation sustained by the trust property. The mere statement of the problem suggests its own solution. When the trustees came to determine the amount of the respective distributive interests of the beneficiaries, it was their duty, first, to fix the gross income and then to deduct therefrom the expenses of administration and taxes. The balance constituted distributable income of the trust, far afield from its net taxable income. Consequently, when the charitable beneficiaries received their shares they received one-half of all the income, less the deductions aforesaid, and the individual beneficiaries likewise, one-half of the actual net income less the same deductions. The depreciation of the trust property was sustained by the entire res of the estate and no beneficiary was burdened with any more than his aliquot part thereof. Petitioner's interest in depreciation was exactly the same as it would have been had the trustees deducted all depreciation from all income before making distribution. Ardenghi v. Helvering, 2 Cir., 100 F.2d 406, certiorari denied, 307 U.S. 622, 59 S.Ct. 793, 83 L.Ed. 1501; Caldwell v. United States, 7 Cir., 102 F.2d 607.

■ Petitioner contends further that the board, in making its decision, pursued a course contrary to the previously established administrative practice. In so arguing he relies upon no regulations but merely upon the printed form prescribed for fiduciary returns in 1934 and the instructions appended thereto. We have pointed out that we are not here concerned with the amount of taxable income of the trust. Independent of that, however, we find nothing helpful to petitioner in the suggestion in the form that a trustee may deduct as contributions, sums distributed to charitable institutions. This practice, followed in determining the net taxable income of a trust, in no wise affects the question of how the taxable income of a beneficiary shall be determined.

■ What we have said applies with equal force to allocation of exempt income. Section 163(b) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Code § 163, provides that if any part of the income of a trust is included in the income of a beneficiary, the latter shall be entitled to credit thereon for his proportionate share of dividends and interest included therein. The section contemplates allowance to the beneficiary of only his proportionate interest in such dividends and interest. Again the beneficiary's share of income of the trust is to be computed according to his distributable share under the trust instrument and not with reference to the trust's taxable income computed for tax purposes. And again his proportionate share of exempt dividends and interest is that ratio which his distributable share of the income of the trust bears to the total distributable income thereof.

The decision of the Board of Tax Appeals is affirmed.