## BRIGHAM v. UNITED STATES.
## BOLSTER v. SAME.
### Nos. 641, 642.

District Court, D. Massachusetts.

May 2, 1941.

Sydney R. Wrightington, of Boston, Mass., for plaintiffs.

Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., for the United States.

FORD, District Judge.

These are two actions, properly in this court, for the refund of federal income taxes.

The first action, No. 641, is a suit brought by the plaintiff as one of the beneficiaries under a trust under the will of Margaret A. Brigham, late of Boston, and also as a beneficiary under a trust created inter vivos and known as the "Robert O. Brigham Trust". The trustee in each of these trusts is entitled to fractional share in the beneficial interest of the Alaska Building Trust. The sole asset comprised in the trust res is an office building known as the "Alaska Building", located in the City of Seattle, in the State of Washington. This suit seeks a refund of taxes paid for the year 1935.

The second action, No. 642, is brought by one Stanley M. Bolster, as trustee under the will of Margaret A. Brigham, late of Boston, and seeks a refund of income taxes paid for the years 1934 and 1935. This trustee is also entitled to a fractional share in the beneficial interest of the Alaska Building Trust.

Both actions present the same questions of fact and law and one opinion will suffice.

On April 16, 1940, the question as to whether the Alaska Building Trust was a strict trust or an association taxable as a corporation came before this court in a similar suit by another beneficiary of the Alaska Building Trust and it was decided there that the latter was a strict trust and taxable as such. Paine et al. v. United States, D.C., 32 F.Supp. 672. This same question has been raised in the present cases, but is now abandoned and the government concedes that the Alaska Building Trust is not taxable as a corporation. The government also stipulates that the plaintiffs in these suits are entitled to deduct from their returns their respective proportionate shares of a depreciation loss suffered by the trust in the years 1934 and 1935 and that, with respect to this conceded allowable deduction from their respective returns, judgment may be entered for the plaintiff in No. 641 in the sum of $1,458.75 and for the plaintiff in No. 642 in the sum of $1,429.64, with interest according to law in both cases.

There remains the question whether the plaintiffs-taxpayers are entitled to a deduction in their individual income tax returns for their proportionate shares of a conceded operating loss suffered by the same Alaska Building Trust in the tax years 1934 and 1935.

No extended findings of fact are necessary. The history of the Alaska Building Trust may be found in Paine et al. v. United States, supra, and the findings there in this respect are incorporated here by reference. It may be noted that the Alaska

Building Trust was not to continue in any event beyond April 11, 1942, before which date a sale of the trust property was to take place and distribution made of the proceeds among the numerous beneficiaries. In the meantime, the trustees had full power to lease or dispose of the property by sale.

The applicable statute will be found in the margin. [1]

█ It is well established that deductions are a matter of legislative grace and no deductions will be allowed for losses unless the alleged loss falls within one of the categories enumerated in the statute. The taxpayer must show he comes within the terms of the provisions of the statute allowing deductions. New Colonial Ice Co., Inc. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348; Remco S. S. Co. et al. v. Commissioner of Internal Revenue, 9 Cir., 82 F.2d 988, 991; McGinley Corporation v. Commissioner of Internal Revenue, 5 Cir., 82 F.2d 56, 57.

Section 23(e) of the Revenue Act of 1934 sets out three conditions precedent to the allowance of deductions on account of losses by individuals; (1) the assets lost must be those of the taxpayer; (2) the losses must be sustained during the taxable year; and (3) they must not be compensated for by insurance or otherwise. Appeal of Remington Typewriter Company, 4 B.T.A. 880, 887.

█ It cannot be said that the individual taxpayer here lost any of his own assets in view of the recognition by Congress of the individuality of a trust in income tax law. Internal Revenue Code, Sections 161–170, 26 U.S.C.A. Int.Rev.Code, §§ 161–170. A trust is a separate and distinct entity from its beneficiaries. Merchants' Loan & Trust Company v. Smietanka, 255 U.S. 509, 41 S.Ct. 386, 65 L.Ed. 751, 15 A.L.R. 1305; Busch et ux. v. Commissioner of Internal Revenue, 5 Cir., 50 F.2d 800, 801. It was the trust that suffered the operating loss, not the individual taxpayers. Cf. Appeal of George M. Studebaker et al., 2 B.T.A. 1020, 1026. Again, in view of this legal fiction that a trust is an entity for income tax purposes, the taxpayers-beneficiaries cannot show they come within one of the three categories enumerated in Section 23(e). The loss in question was not incurred by the taxpayers in any trade or business they conducted or in any transaction for profit, nor did the loss fall in the remaining category of Section 23(e).

The beneficiaries of a trust were not allowed to deduct, pro rata, in their individual tax returns, a net operating loss of a trust, in the cases of George D. Widener et al. v. Commissioner of Internal Revenue, 8 B.T.A. 651; O. Ben Haley v. Commissioner of Internal Revenue, 6 B.T.A. 782; and Appeal of George M. Studebaker et al., supra. See discussion and cases collected in Paul & Mertens, "Law of Federal Income Taxation," Vol. 4, Section 34.122, In Anderson v. Wilson et al., 289 U.S. 20, 53 S.Ct. 417, 77 L.Ed. 1004, the court held that a loss resulting from a sale of real estate by executors holding fee title under a trust to manage itself and to distribute the proceeds is a loss of the estate, and could not be deducted by the beneficiary in making his personal return of income. The court held there that the trust (executors with the power to manage), and not the taxpayer, suffered the loss from the sale, and the court said (289 U.S. at page 27, 53 S.Ct. at page 420): "it follows that, where loss has not been suffered, there is none to be allowed".

It follows from this discussion that the operating loss sustained by the Alaska Building Trust is an allowable deduction to the trust and not to the plaintiffs-beneficiaries.

Any statement in the case of Paine et al. v. United States, supra, that would indicate a contrary ruling to the one here on the question of a deduction by the taxpayers of

---

[1] Revenue Act of 1934, c. 277, 48 Stat. 680:

"§ 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

\*  \*  \*  \*  \*  \*

"(e) *Losses by Individuals.* In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

"(1) if incurred in trade or business; or

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or

"(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft. No loss shall be allowed as a deduction under this paragraph if at the time of the filing of the return such loss has been claimed as a deduction for estate tax purposes in the estate tax return." 26 U.S.C.A. Int.Rev. Code, § 23(e).

proportionate operating loss may be disregarded. This question was not seasonably and properly presented in that case.

### Conclusions of Law.

I conclude that the plaintiff in each case is not entitled to take as a deduction in his income tax return his proportionate share of the operating loss sustained by the Alaska Building Trust in the tax years in question.

In accordance with the stipulation entered into by the parties that each taxpayer is entitled to his proportionate deduction for depreciation loss, judgment may be entered for the plaintiff in No. 641 in the sum of $1,458.75, and for the plaintiff in No. 642 in the sum of $1,429.64, with interest and costs according to law in each case.