**SEARS et al. v. HASSETT, Collector of Internal Revenue.**

**Civil Action No. 1496.**

District Court, D. Massachusetts.

March 20, 1942.

Robert G. Dodge, of Boston, Mass. (Walter A. Barrows, of Boston, Mass., on the brief), for plaintiff.

George F. Garrity, Asst. U. S. Atty., of Boston, Mass. (Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty Gen., and Edmund J. Brandon, U. S. Atty., of Boston, Mass., on the brief), for defendant.

WYZANSKI, District Judge.

In accordance with Federal Rules of Civil Procedure, rule 56(a), 28 U.S.C.A. following section 723c, the plaintiffs have moved for a summary judgment in their suit to recover from the Collector of Internal Revenue amounts paid on account of income taxes for 1937. There are no issues of fact. The only issue of law is whether from June 24, 1937, to the end of that year the trustees of the F. R. Sears Real Estate Trust were taxable as an "association" within the meaning of Section 1001 of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, page 971.

During that period the trustees held one parcel of real estate which in 1921 they had leased to S. S. Kresge Co. until 1972, with an option for an extended period. The lease requires the lessee to pay taxes and assume all burdens, obligations and risks which the law casts on owners of real estate.

At all material times the trust instrument itself limited the trust to the holding of that one parcel and to the receipt and disbursement of income and proceeds from it. The trust comes to an end upon the sale of the property or the termination of the lease. The trust gave no specific power to develop the real estate, to rebuild damaged structures, to lease, to employ assistants, to acquire property, to make investments or transact other business. There was no provision purporting to exempt the trustees and beneficiaries from personal liability, although the beneficiaries agreed to indemnify the trustees for liability they incurred as holders of the legal title.

The only indicia upon which the Collector relies to support his argument that

this is an association are these: The beneficial ownership in the trust is represented by certificates of interest; the certificate holders retain the power by a two thirds vote to amend the trust; and the trustees are empowered to maintain out of income a reserve for paying any mortgage placed upon the parcel of real estate owned by the trust.

In my opinion the case for the taxpayers is so plain that discussion is unnecessary and would be ostentatious. Cleveland Trust Co. v. Commissioner, 6 Cir., 115 F.2d 481; Commissioner v. Gibbs-Preyer Trusts, 6 Cir., 117 F.2d 619; Myers v. Commissioner, 7 Cir., 89 F.2d 86; Paine v. United States, D.C.D.Mass., 32 F.Supp. 672. Compare Sears v. Hassett, 1 Cir., 111 F.2d 961.

The motion for summary judgment is granted in accordance with its terms.