SCOTT v. UNITED STATES.

No. 46515.

Court of Claims.

June 28, 1948.

Allen H. Gardner, of Washington, D. C. (Morris, Kix Miller & Baar, of Washington, D. C., on the brief), for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Theron Lamar Caudle, Asst. Atty. Gen. (Robert N. Anderson and Andrew D. Sharpe, both of Washington, D. C., on the brief), for defendant.

Before JONES, Chief Justice, and HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges.

JONES, Chief Justice.

This is a suit for refund of a part of the income taxes paid by plaintiff for the calendar year 1936. The case turns on the amount of depreciation which should be allowed plaintiff because of his interest in the property from which the revenue was derived.

The details are set out in the findings of fact. During the year 1936 plaintiff was one of the beneficiaries of a trust established by the will of Charles F. Grey, who died May 10, 1935.

By the terms of the will one-half of the net income for a period of twenty years was to be paid to certain charitable organizations, the other half to individuals. Plaintiff as one of the beneficiaries received during the taxable year one-fourth of the one-half of the income that was allotted to individuals, or, in other words, one-eighth of the total net income for that year.

By the terms of the will the trustees were to receive, hold and manage the properties, collect the income and profits, sell and lease the properties under certain conditions, pay all costs, charges and expenses of the estate and pay out the income currently on the basis indicated. There was no specific provision in the will as to deduction for or apportionment of depreciation on the trust property.

The income of the trust for 1936 was as follows:

Nontaxable income (gross) .................. \$5,189.23
Taxable income (gross) ...................... 85,899.54
Depreciation ................................. 16,548.47
Deductible expenditures .................... 11,654.09

In reporting his income for 1936, which included income from other sources, the plaintiff reported \$2,641.90 as the total amount of taxable income received from the trust.

The Commissioner of Internal Revenue determined that plaintiff's taxable income received from the trust was \$7,212.12. The computation was as follows:

Taxable gross income ....................... \$85,899.54
Less:
   Depreciation .................... \$16,548.47
   Deductible expenditures........ 11,654.09
                              28,202.56

   Net income ............................. 57,696.98
One-half distributable to charitable or-
   ganization ............................... 28,848.49
One-half distributable to individual ben-
   eficiaries ................................. 28,848.49

The plaintiff's share was computed as one-fourth of the one-half distributable to individuals. The Commissioner accordingly levied a deficiency assessment which was paid.

Plaintiff filed a timely claim for refund with interest in the aggregate sum of \$1,465.52.

The gist of plaintiff's claim is that under the applicable statute the Commissioner should have allocated the nontaxable income, and the entire depreciation to the taxable individual beneficiaries instead of allocating a portion of it to the charitable organizations which were nontaxable. The plaintiff has waived the question as to the apportionment of nontaxable income.

The question is whether the plaintiff, who received one-eighth of the distributable income of the trust in 1936, is entitled to a deduction of one-eighth of the depreciation sustained on the trust property, or whether he is entitled to claim one-fourth on the ground that individual beneficiaries are entitled to deduct the entire depreciation.

The applicable statutes are set out in the footnote.[1]

Plaintiff makes a very plausible argument that the language of section 162(a), especially the expression "without limitation", shows that the intention of Congress was to give the taxable-income beneficiaries the entire depreciation, and that therefore

---

[1] Revenue Act of 1936, c. 690, 49 Stat. 1652.

"Sec. 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

   \*     \*     \*     \*     \*     \*

"(l) Depreciation. A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant. In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each.

   \*     \*     \*     \*     \*     \*

"(o) Charitable and other contributions. In the case of an individual, contributions

or gifts made within the taxable year to or for the use of:

   \*     \*     \*     \*     \*     \*

"(2) A corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation;

   \*     \*     \*     \*     \*     \*

"Sec. 162. Net income.

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

"(a) There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23(o)) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid

since plaintiff is entitled to one-fourth of the taxable income he is entitled to one-fourth of the depreciation. He appeals to the legislative history of the quoted sections as bearing out his interpretation.

The effect of plaintiff's contention would be to give him the benefit of depreciation on that part of the property in which he had neither a legal nor an equitable interest. If such position is correct, the settlor of a trust might convey 95 percent of the income to charities and 5 percent to an individual and such an individual, by deducting depreciation on the entire property, might escape taxes altogether. To justify such an inequitable conclusion would require a very clear mandate of the statute. Of course, if the statute shows that as the manifest intention of the Congress we have no choice but to apply it, regardless of the result.

Do the provisions of the statute when read together show this to be the intent of the Congress? We think not.

Section 23(l) under the heading of "Depreciation" contains the following language:

"In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each."

It is the effect of plaintiff's position that the term "income beneficiaries" as here used refers to taxable income beneficiaries, and that since the charitable beneficiaries are not taxable, it applies in the case at bar only to the individual beneficiaries. A careful reading of the quoted sentence shows otherwise. The term "income beneficiaries" in the first part of the sentence is carried forward with the same meaning into the last expression "on the basis of the trust income allocable to each."

If there had been a provision in the trust instrument that the trustee should set up a reserve for depreciation and distribute the net balance, then charitable beneficiaries would have borne their part of the depreciation and the plaintiff would have received only that part of the depreciation which was allocable to his interest. Since the instrument did not provide for such a reserve, the charitable organizations bore the loss that was occasioned by depreciation in the form of subsequently reduced income. It seems very clear from this provision that plaintiff was entitled only to the depreciation allocable to his interest, and not to his interest plus a corresponding part of the depreciation attributable to the interest of the charitable beneficiaries.

Plaintiff, however, contends that section 162(a), by the use of the words "without limitation", shows that he was entitled to the depreciation on his proportion of the taxable income. This position was decided adversely to plaintiff in the case of Grey v. Commissioner, 41 B.T.A. 234, and in the same case by the Circuit Court of Appeals for the Seventh Circuit, 118 F.2d 153, 141 A.L.R. 1113. In fact, the identical questions involved here were presented in that case by another of the beneficiaries under this trust instrument. In the Grey case, supra, the Board of Tax Appeals in constru-

---

or permanently set aside for the purposes and in the manner specified in section 23(o), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance or operation of a public cemetery not operated for profit;

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year." 26 U.S.C.A. Int.Rev.Acts, pages 829, 893.

ing the words "without limitation" at page 243 of 41 B.T.A. uses the following language:

"Petitioner argues that the words 'without limitation' appearing in section 162(a) preclude us from doing what we have indicated we think should be done, but we do not so construe these words. When they are examined in their context it is obvious that they were used merely to direct that a trust, more than 15 percent of the income of which was used for the prescribed—charitable—purposes, should not be limited to '15 per centum of the taxpayer's net income' as provided in section 23(o). The parenthetical clause of section 162(a), we think, clearly justifies this conclusion. We, therefore, sustain the respondent upon this issue and hold that petitioner is entitled to deduct only 4⅕ percent of the depreciation sustained upon the trust property."

In the case of Newbury v. United States, 57 F.Supp. 168, 102 Ct.Cl. 192, 202, the court quoted the committee report explaining changes in the Revenue Act of 1928 which were made by the act of 1934. This report shows the purposes for which the changes were made and indicates that they were other than those contended for by the plaintiff. The same applicable provisions were carried forward into the act of 1936.

We find nothing in the legislative history nor in the previous decisions in similar cases, nor in the wording of the statute itself, when construed as a whole, to support the contention that the expression "income beneficiaries", as used in the statute, is limited to taxable income beneficiaries.

We are unable to give substantial weight to the plaintiff's position that the Congress made the additional allowance for depreciation to taxable income beneficiaries in order to encourage charitable bequests. The charitable organizations would get no benefit from such a construction. The additional allowance would result in the plaintiff's paying a lesser amount of income tax, but would not affect the charitable beneficiaries in any way.

We do not regard the facts and the decision in the case of Commissioner v. Pupin's Estate, 2 Cir., 107 F.2d 745 applicable to the facts in this case. That case involved the liability of the executor for an estate tax and concerned other provisions of the Revenue Act than those involved in the case at bar.

We find that the Commissioner was right in allocating the depreciation allowable to the plaintiff on the basis of his proportionate interest in the entire income distributable by the terms of the trust instrument.

Plaintiff is not entitled to recover and the petition is dismissed.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.