FEDERICO CALAF COLLAZO, Plaintiff and Appellant, v. SECRETARY OF THE TREASURY, Defendant and Appellee. JAIME CALAF COLLAZO, Plaintiff and Appellant, v. THE SAME, Defendant and Appellee.

Nos. 11066 and 11067.   Argued May 3, 1954.—Decided May 24, 1954.

*Diego Guerrero Noble* for appellants. *José Trías Monge, Attorney General,* and *José A. García Malpica, Assistant Attorney General,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In November 1934 Federico and Jaime Calaf Collazo inherited from their father the Central Monserrate and 5,224 cuerdas of land, which they continued to operate for profit. In view of the fact that they only rendered individual income-tax returns for the taxable calendar years 1938 to 1943, the Treasurer—now Secretary of the Treasury—notified them with official returns as a joint venture, as well as for personal deficiencies. As to whether or not they constituted a joint venture, in the opinion rendered by us in *Calaf* v. *Tax Court,* 73 P.R.R. 758, we stated at p. 758 that:

". . . . The mere existence of a community of property does not constitute a partnership as contemplated by § 2(a)(3) [of the Income Tax Act], but if that community is engaged in a joint venture for the mutual benefit of co-owners, a partnership, as contemplated by the aforesaid Section, is clearly constituted. Undoubtedly the requirements established by the law and the decisions in this connection were fulfilled in this case."

Our conclusion is, therefore, that Federico and Jaime Calaf, in operating the Central Monserrate and the lands in question for profit, constituted from 1940 to 1943 a joint venture, which was taxable as a partnership under § 2(a)3 of the Income Tax Act.[1]

---

[1] Section 2(a)3 of the Income Tax Act of August 6, 1925 (Sess. Laws, p. 400), as amended by Act No. 31 of April 12, 1941 (Sess. Laws, p. 478), provides:

"The term 'partnership' includes civil, business, . . . . *and it shall include, further, two or more persons, under a common name or not, engaged in a joint venture for profit."* (Italics ours.)

Since the joint venture constituted by them sustained losses in the years 1940, 1941 and 1943, the Calaf-Collazo brothers deducted in their individual returns 50 per cent of the total amount of the losses sustained by the venture in each of those years. The Treasurer of Puerto Rico, as has been stated, notified them of individual deficiencies. After compliance with the legal administrative requirements, the taxpayers resorted to the former Tax Court on June 9, 1950 filing separate complaints in connection with the deficiencies thus notified. After a hearing, the Superior Court of Puerto Rico, San Juan Part,[2] rendered judgment upholding "the determinations of the Secretary of the Treasury in so far as he disallowed in the individual returns of plaintiffs herein the losses sustained by the partnership or joint venture Central Monserrate during the years 1940, 1941 and 1943." Plaintiffs appealed. Both appeals are jointly discussed, their only contention being that the trial court erred in "deciding that since the brothers Jaime and Federico Calaf Collazo constitute a community of property for profit and, hence, a statutory joint venture for the years 1940 to 1943, they could not, as individuals, claim for those years in their individual returns their share of the losses sustained by the joint venture."

■ In the discussion of this assignment, they place great emphasis on their contention that if it were an ordinary partnership, the trial court's conclusion would conform to law, but, since it concerns a mere community of property which, for tax purposes, is deemed to be a joint venture, the legal situation varies altogether. Let us turn to their comments on this point.

"A partnership is neither a community of property nor a joint venture. The partnership and the joint venture are fundamentally different in that the former is a juridical entity, which creates different rights and obligations for its partners;

---

[2] See Act No. 11 of July 24, 1952 (Sp. Sess. Laws, p. 30).

however, they are identical in that both were created by the human mind for earning or profit. The joint venture is identical with the community of property, since they have no juridical responsibility independently of that of their participants or coowners; however, one differs from the other in that the community is a legal status the purpose of which is not for profit.

". . . . . . .

"Let us assume that the X partnership sustains a loss in its operations for a particular year. That loss represents a shrinkage in the net equity of the partnership in the property owned by it. And since it is juridically the only owner of such property, it alone must bear the consequences of the loss. Although the partners are indirectly affected by the loss, according to the jurisprudence they cannot claim any loss for the year in which it is sustained by the partnership, but they are entitled to a deduction in the year the assets are liquidated. However, a loss sustained by a community of property doing business as a joint venture, which works the same result, that is, on equal shrinkage in the net equity of the property owned by the joint owners, has a direct impact upon the latter in the year it is sustained, since they are the legitimate owners of the property, independently of the judicial analogy established by the legislature between the classical partnership and the joint venture for tax purposes.

"Upon division of the community, which entails the termination of the venture, the coowners would be at a disadvantage as compared with the partner, for the law recognizes no earning or loss in the division of a community, since all they receive is the value of their title."

We cannot subscribe to the foregoing argument. We are confronting a legal tax problem. For present purposes, the joint venture and the partnership are regarded as "identical" entities, so that any difference which may exist in civil or mercantile law between community of property, joint venture and partnership, has no bearing for the moment on the problem under our consideration.

■ The real issue is whether each of the plaintiffs may deduct from his income for the years in question one-half

of the losses sustained in those years by the joint venture constituted by them. There is no problem as to the right of the enterprise itself to deduct the losses sustained in those years, since the Secretary of the Treasury admitted that such losses could be deducted by the joint venture.

According to § 9 (*b*) of the Income Tax Act, *supra*, as amended by Act No. 102 of May 14, 1936 (Sess. Laws, p. 524), "If for any taxable year, it appears upon the production of evidence satisfactory to the Treasurer of Puerto Rico, *that any taxpayer has sustained a net loss*, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this Section called 'second year')." (Italics ours.) Relying precisely on those provisions plaintiffs maintain that they are correct. We disagree. The joint venture is, for tax purposes, an entity separate and apart from its constituents, and the loss sustained by the joint venture is deductible by it but not by its constituents.

Construing a similar provision of the Federal Income Tax Act, the authorities hold that the losses suffered by an "estate" (*sucesión*) or "trust" may be deducted by the estate or by the trust itself, but not by the heirs or beneficiaries. *Anderson* v. *Wilson*, 289 U. S. 20, 77 L. Ed. 1004; *Grey* v. *Commissioner*, 118 F. 2d 153, 141 A.L.R. 1113, and cases cited at pp. 118 *et seq.; Brigham* v. *United States*, 38 F. Supp. 625; *Law* v. *Commissioner*, 20 B.T.A. 354; *Widener* v. *Commissioner*, 8 B.T.A. 651, 658; *Haley* v. *Commissioner*, 6 B.T.A. 782; *Appeals of Studebaker et al.*, 2 B.T.A. 1020; Mertens, *Law of Federal Income Taxation*, Vol. 6, § 36.77; Paul and Mertens, *Law of Federal Income Taxation*, Vol. 4, § 34.122. Those decisions are based principally on the fact that, since the estate or the trust is the entity liable for payment of the tax, only the estate or the trust is entitled to deduct any loss sustained, not the participants in the

former or the beneficiaries in the latter. The same can be said of the joint venture.

Although appellants make no reference in their brief to subsection (d) of § 9 of the Act, *supra*, we deem it advisable to discuss, as does the appellee, the above-mentioned subsection even if only superficially. That subsection provides that: *"The benefit of this Section shall be allowed to the members of a partnership, to an estate or trust, and to insurance companies subject to the tax imposed by §§ 41 or 44 under regulations prescribed by the Treasurer."* (Italics ours.) In referring to that section, the appellee alleges that the appellants do not rely on it as the underlying argument in support of their view; that their position is undoubtedly due to the fact that, in order to resort to that legal provision, they would first have to admit that for all purposes of our Income Tax Act, joint venturers and partners have an identical tax status as respects the joint venture and the commercial partnership, which appellants seek to differentiate, and, further, that he is fully convinced that § 9 (d) of the Act is devoid of all reason or justification in our judicial system. Section 9 (d) is a quasi-literal copy of subsection "h", § 206 of the Federal Internal Revenue Act of 1924. 26 U.S.C.A. 12. That section like § 9 of our Act, deals with net losses.

Under the federal law the allowance of net losses to the members of a partnership is reasonable, since under that law a partnership is not taxable as an independent entity and is not therefore obliged to pay income taxes separately. Mertens, text and volume cited, §§ 35.01 and 35.24, pp. 103 and 182. *Cf. Neuberger* v. *Commissioner*, 311 U. S. 83, 85 L. Ed. 58. Therefore, the partners of a partnership, who are the only ones who must render individual returns, are those who under the federal system are entitled to deduct their share in any losses sustained by the partnership. In Puerto Rico, however, the partnership is an entity separate

and distinct from the partners, and, under our Income Tax Act, the former is obliged to file returns and to pay tax on realized income. It is therefore entitled under § 9(b) to deduction for losses, the amount of which is allowed as a deduction in computing its net income for the following taxable year. However, under the federal law as well as under our law "an estate or trust" subject to taxation as an entity separate and distinct from the heirs and beneficiaries who compose it, may deduct the amount of the losses sustained by them. *A contrario sensu*, the heirs and beneficiaries of the estate or trust may not deduct any part of the losses sustained by either.

██ The provision of § 9(d) that "the benefit of this Section shall be allowed *to the members of a partnership*" (italics ours), is undoubtedly a legislative lapsus. That lapsus was undoubtedly due to the fact that our Income Tax Act was patterned after the federal statute which, contrary to the Puerto Rican statute, does not tax partnerships directly. Section 9(d) should not, however, be considered in isolated fashion but must be construed together with the rest of the section of which it is a part, or with the rest of the law as a whole. As stated in *Roig Commercial Bank* v. *Treasurer*, 74 P.R.R. 919, 929, "Our fundamental obligation, in those cases, is that of imparting effectiveness to the legislative intent, even up to the point of substituting or judicially eliminating some specific statutory phrase which, with meridian clarity, has been incorporated in a statute through inadvertence or error, up to the point that said phrase obviously defeats the legislative intent which appears from the totality of the Act, since, in those cases, the manifest intention of the legislator should prevail over the literal provision of the statute which may be in conflict with that intention." See also *Helvering* v. *New York Trust Co.*, 292 U.S. 455, 78 L. Ed. 1361, 1366. *Cf.* Alexander, *Federal Tax Handbook*, 1954, § 1707, p. 379.

The case of *Gerstle* v. *Commissioner*, 33 B.T.A. 830, cited by appellants is clearly distinguishable from the case at bar. Although it is there concluded that the persons who organized several syndicates for the purpose of purchasing and selling real estate for profit were joint ventures, however, since under the federal statute construed in that case joint ventures are not directly taxable, it was held that the members of those ventures were taxable and, being so taxable had the right to deduct any losses sustained by them.

Since under our statute a joint venture is a taxable entity with the right to deduct any losses sustained, the members thereof, who are persons entirely distinct from the joint venture, have no right to deduct in their individual returns any portion of the losses sustained by the venture.

The judgments appealed from will be affirmed.