## O. BEN HALEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6466.     Promulgated April 11, 1927.

A beneficiary under a will is not entitled to deduct from his personal income-tax return a proportionate part of an alleged operating loss of the estate.

*B. M. Webster, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

The petitioner appeals from the determination of a deficiency in income taxes for the year 1921 in the sum of $1,232.34. It is alleged that the Commissioner erred in refusing to permit petitioner, a beneficiary under a will, to deduct from his gross personal income his pro rata share of an alleged "operating loss" of the estate, incurred by reason of the fact that the Federal estate tax paid by the administrator in the year 1921 exceeded the income of the estate for said year. The deficiency letter is dated June 29, 1925.

## FINDINGS OF FACT.

The petitioner is an individual residing in the County of Jefferson, State of Colorado, and is one of the heirs of Ora Haley, deceased. Prior to the taxable year in question Ora Haley died, and there was admitted to probate in the County Court of Denver, Colo., his last will and testament, providing as follows:

* * * I, Ora Haley, being of sound mind and memory, but knowing the uncertainty of human life, do now make and publish this my last will and testament, that is to say: I have never made a will but my intentions are to do so shortly and subsequent to this but in case of my death before doing so I desire my Estate to be divided as follows: One half of which to go to my wife, Gussie Haley, and the remaining one half to be divided equally between my three children named as follows: Ora Benjamine Haley, my son, and my two daughters Mrs. Annie Gussie George and Mrs. Mattie Blanch Smith.

ORA HALEY. (SEAL.)

Signed, sealed, published and declared by the said Ora Haley the testator, as and for his last will and testament; and we, at his request and in his presence, and in the presence of each other, have hereto subscribed our names as witnesses thereto, this sixth day of December A. D. 1905.

HAROLD BANNER
LAWRENCE C. PHILLIPS.

In the year 1921 the administrators paid the Federal estate tax of $138,553.28, which amount exceeded the income of the estate for that year by the sum of $82,452.62. The administrators of the estate kept, during the period of administration, book records of all transactions involving the estate. The income from the operation of the estate was credited to the respective beneficiaries on the books, and in the year 1921 each beneficiary was debited with a share of the alleged loss, proportionate to his interest under the estate.

In the year 1920 the income from the estate was distributed to the beneficiaries and reported by them in their personal returns. The petitioner in the taxable year held a one-sixth distributive interest in the estate.

### OPINION.

VAN FOSSAN: Under the terms of the will of Ora Haley, deceased, petitioner became entitled to a one-sixth distributive share of the estate. In the year 1921 the administrators paid a Federal estate tax of $138,553.28, which sum exceeded the income of the estate for that year by $82,452.62. Under the system of accounts employed, the administrators debited the account of this beneficiary with $13,742.10, or one-sixth of this excess. Petitioner now insists that he is entitled to deduct from his gross personal income this amount of $13,742.10 as his pro rata share of the alleged " operating loss " of the estate for the said year.

Petitioner concedes that the estate tax was properly payable by the estate and that he is not entitled to deduct it or any part thereof, as such, from his individual return. The fact that the payment of the estate tax caused an alleged loss to the estate does not alter the situation or give petitioner any greater rights than he would otherwise possess. The alleged loss does not fall within the category of deductible losses enumerated by the statute. It was not incurred by petitioner in trade or business, or in a transaction entered into for profit, nor does it arise from fires, storms, shipwreck, or other casualty, or theft. We are aware of no basis on which such a loss could be allowed to the beneficiary.

In the *Appeal of George M. Studebaker*, 2 B. T. A. 1020, a situation in many respects comparable with the instant case was presented and thoroughly considered by the Board. After citing the statute of 1918 (substantially similar to that of 1921), allowing deduction of losses, we said:

Under these provisions a taxpayer is entitled to deduct losses sustained during the taxable year, if incurred in trade or business, or if incurred in any transaction entered into for profit though not connected with the trade or business, or arising from fires, storms, etc. There are no further provisions in the Act which allow deductions for losses sustained in any other manner. It is difficult to see how a taxpayer can claim a loss for something that was never his, or a loss from a transaction in which he as an individual was not interested, even though at some future date it might affect the income or the capital distributed to him from the trust. With reference to the losses here in question it can hardly be argued that they were sustained by the taxpayers in their trade or business, or in any transaction entered into by them for profit. Acts done by the taxpayers in their individual capacities and those performed by them as trustees are separate and distinct, and losses sustained by them as trustees can not be claimed as losses sustained as individuals.

See also *United States* v. *Woodward*, 256 U. S. 632; *Keith* v. *Johnson*, 271 U. S. 1.

*Judgment will be entered for the respondent.*