Federico Calaf Collazo, demandante y apelante *v.* Secretario de Hacienda, demandado y apelado. Jaime Calaf Collazo, demandante y apelante *v.* El Mismo, demandado y apelado.

Números 11'066 y 11067.
*Sometido:* 3 de mayo de 1954. *Resuelto:* 24 de mayo de 1954.

*Diego Guerrero Noble,* abogado de los apelantes; *Hon. Secretario de Justica José Trías Monge* y *José A. García Malpica Procurador Auxiliar,* abogados del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Allá para noviembre de 1934 Federico y Jaime Calaf Collazo heredaron de su padre la Central Monserrate y 5,224 cuerdas de terreno, que continuaron explotando con fines de lucro. En vista de que para los años naturales contributivos de 1938 a 1943 ellos sólo rindieron planillas individuales de contribuciones sobre ingresos, el Tesorero—hoy día Secretario de Hacienda—les notificó planillas de oficio como empresa común, así como deficiencias personales. En relación con la cuestión de si constituían o no una empresa común, en la opinión emitida por nosotros en *Calaf* v. *Tribl. de Contribuciones,* 73 D.P.R. 812 dijimos a la pág. 818 que:

"... La mera existencia de una comunidad de bienes no constituye una sociedad a los fines de la sec. 2(a)3 [de la Ley de Contribuciones sobre Ingresos], mas si esa comunidad se dedica a un negocio común para beneficio mutuo de los condóminos, queda claramente constituída una sociedad a los fines de la citada sección. En el presente caso no hay lugar a dudas de que los requisitos exigidos por la jurisprudencia a ese respecto han quedado cumplidos."

Llegamos, pues, a la conclusión de que Federico y Jaime Calaf al explotar con fines de lucro la Central Monserrate y los terrenos citados, constituían de 1940 a 1943 una empresa

común y que a virtud de la sec. 2(a)3 de la Ley de Contribuciones sobre Ingresos(¹) la misma tributaba como una sociedad.

Toda vez que la empresa común por ellos constituída tuvo pérdidas durante los años 1940, 1941 y 1943, los Calaf Collazo dedujeron en sus planillas individuales el 50 por ciento del monto total de las pérdidas sufridas por la empresa durante cada uno de dichos años. El Tesorero de Puerto Rico, conforme se ha dicho, les notificó deficiencias individuales. Cumplidos los trámites administrativos de rigor, los contribuyentes acudieron en 9 de junio de 1950 ante el antiguo Tribunal de Contribuciones con sendas demandas en relación con las deficiencias así notificádales. Oídas las partes, el Tribunal Superior de Puerto Rico, Sala de San Juan(²) dictó sentencia sosteniendo "las determinaciones del Secretario de Hacienda en tanto en cuanto eliminó de las declaraciones individuales de los aquí demandantes las pérdidas sufridas por la sociedad o empresa común Central Monserrate durante los años 1940, 1941 y 1943." Los demandantes apelaron. Discuten ambos recursos conjuntamente, siendo su contención única que el tribunal sentenciador erró al "resolver que siendo los hermanos Jaime y Federico Calaf Collazo una comunidad de bienes, con fines de lucro, y por lo tanto una empresa común estatutaria para los años 1940 hasta 1943, ellos como individuos, durante esos años, no podían reclamar en sus planillas individuales su participación en las pérdidas sufridas por la empresa común."

Al discutir el error así señalado ellos ponen gran énfasis en su contención de que si se tratara de una sociedad corriente la conclusión del tribunal a quo se ajustaría a dere-

---

(¹) La sec. 2(a)3 de la Ley de Contribuciones sobre Ingresos de 6 de agosto de 1925 (pág. 401) según quedó enmendada por la Ley 31 de 12 de abril de 1941, (pág. 479) dispone:

"El término 'sociedad' incluirá las sociedades civiles, mercantiles, . . . e incluirá, además, cuando dos o más personas bajo un nombre común o no se dediquen a una empresa común (joint venture), con fines de lucro." (Bastardillas nuestras.)

(²) Véase la Ley 11 de 24 de julio de 1952 (Ses. Ext., pág. 31).

cho, pero que como aquí se trata de una mera comunidad de bienes que para fines contributivos es considerada como una empresa común la situación legal varía totalmente. Veamos cómo se expresan a este respecto:

"Una sociedad no es una comunidad de bienes ni una empresa común. La sociedad y la empresa común tienen la diferencia fundamental de que la primera es una entidad jurídica que crea derechos y obligaciones distintas de sus socios; sin embargo tienen la identidad de que ambas fueron creadas por la mente humana para obtener una ganancia o lucro. La empresa común es igual a la comunidad de bienes en que ambas no tienen responsabilidad jurídica independientemente de la de sus partícipes o comuneros, sin embargo, se diferencia una de la otra en que la comunidad es un estado de derecho que no conlleva el propósito de lucro.

"  .      .      .      .      .      .      .      .

"Supongamos que la sociedad X sufre una pérdida en las operaciones de determinado año. Esa pérdida representa una disminución en la equidad neta que tiene la sociedad en los bienes que posee. Y siendo ella jurídicamente la única dueña de los mismos es la única que sufre las consecuencias de la pérdida. Aunque indirectamente los socios quedan afectados por la pérdida sufrida, según la jurisprudencia, no pueden ellos reclamarla en el año en que la sociedad la sufre, pero sí tendrán el derecho a deducirla en el año en que se liquide el haber social. Sin embargo, una pérdida sufrida por una comunidad de bienes que hace negocios como empresa común, cuya consecuencia en la pérdida es la misma, o sea igual disminución en la equidad neta de los bienes que poseen los condóminos, recae directamente sobre éstos en el año en que se sufre, por ser ellos los legítimos dueños de los bienes, independientemente de la analogía jurídica establecida por el legislador entre la sociedad clásica y la empresa común para los fines contributivos.

"Al dividirse la comunidad, lo que conlleva la terminación de la empresa, los condóminos quedarían en desventaja en comparación con el socio, pues la ley no reconoce ganancia o pérdida en la división de una comunidad ya que ellos reciben solamente el valor de su título."

No nos es posible convenir con las anteriores aseveraciones. Estamos ante un problema de derecho contributivo.

Para estos fines la empresa común y la sociedad son consideradas como entidades "idénticas", de forma que cualquier diferencia que pueda haber entre la comunidad de bienes, la empresa común y la sociedad ante el derecho civil o ante el derecho mercantil, ningún efecto surte en relación con el problema que de momento es objeto de nuestra consideración.

■ La verdadera cuestión aquí planteada es si cada uno de los demandantes tiene derecho a deducir de sus ingresos para los años en cuestión la mitad de las pérdidas que tuvo en dichos años la empresa común por ellos constituída. Sobre el derecho de la empresa misma a deducir las pérdidas por ella sufridas en los años mencionados no hay dificultad alguna, ya que el Secretario de Hacienda admitió la deducibilidad de tales pérdidas por ella.

Según la sec. 9 (*b*) de la Ley de Contribuciones, supra, conforme fué enmendada por la Ley 102 de 14 de mayo de 1936, pág. 525, "Si por cualquier año contributivo, se demostrare por medio de pruebas satisfactorias al Tesorero de Puerto Rico, *que cualquier contribuyente ha sufrido una pérdida neta*, el importe de la misma será concedido como una deducción al computarse el ingreso neto del contribuyente por el año contributivo siguiente, (el cual de aquí en adelante se denominará en esta sección 'segundo año.')" (Bastardillas nuestras.) Amparándose precisamente en esos preceptos es que los demandantes sostienen que les asiste la razón. No estamos de acuerdo. La empresa común para fines contributivos es una entidad separada y distinta de las personas que la componen y la pérdida sufrida por la empresa común es deducible por ella, mas no por sus componentes.

Interpretando un precepto similar de la ley federal sobre ingresos, la jurisprudencia se pronuncia en el sentido de que las pérdidas sufridas por una "sucesión" o "fideicomiso" son deducibles por la sucesión o por el fideicomiso mismo, mas no por los herederos o beneficiarios. *Anderson* v. *Wilson*, 289 U. S. 20, 77 L. ed. 1004; *Grey* v. *Commissioner*, 118 F. 2d 153; 141 A.L.R. 1113 y casos citados a las páginas 1118

y siguientes; *Brigham* v. *United States*, 38 F. Supp. 625; *Law* v. *Commissioner*, 20 B.T.A. 354; *Widener* v. *Commissioner*, 8 B.T.A. 651, 658; *Haley* v. *Commissioner*, 6 B.T.A. 782; *Appeals of Studebaker et al.*, 2 B.T.A. 1020; Mertens, *Law of Federal Income Taxation*, vol. 6, sec. 36.77; Paul and Mertens, *Law of Federal Income Taxation*, vol. 4, sec. 34.122. Esas decisiones se basan principalmente en que siendo la sucesión y el fideicomiso la entidad obligada a pagar la contribución, tan sólo la sucesión o el fideicomiso tienen derecho a deducir cualquier pérdida sufrida, mas no así los partícipes de la primera ni los beneficiarios del segundo. En igual forma podemos expresarnos en lo que respecta a la empresa común.

Aunque los apelantes no se refieren en su alegato en forma alguna al inciso (*d*) de la sec. 9 de la ley, supra, nos parece conveniente, al igual que lo hace el apelado, discutir ese inciso aunque sea tan sólo ligeramente. El mismo dispone que: *"El beneficio de esta sección será concedido a los miembros de una sociedad,* a una sucesión o fideicomiso, y a compañías de seguros sujetas a la contribución impuesta por las secciones 41 ó 44 de acuerdo con el reglamento que prescriba el Tesorero."  (Bastardillas nuestras.) Nos dice el apelado al referirse a esa sección que los apelantes no la utilizan como punto de apoyo para construir argumento alguno para sostener su posición, que indudablemente tal actitud de ellos obedece a que para recurrir a dicha disposición de ley tendrían primeramente que reconocer que a todos los efectos de nuestra Ley de Contribuciones sobre Ingresos los empresarios comunes y los socios tienen idéntico *status* contributivo respecto a la empresa común y a la sociedad mercantil, cosa ésta que tratan de distinguir los apelantes y que además está plenamente convencido de que la sec. 9 (*d*) de la Ley no tiene razón de ser o justificación alguna en nuestro panorama jurídico. La sec. 9 (*d*) de nuestra ley es copia casi literal del inciso *"h"* de la sec. 206 de la Ley de Rentas Internas Federal de 1924. 26 U.S.C.A. pág. 12. Esa sección, al

igual que la sec. 9 de la ley nuestra, trata de pérdidas netas.

Bajo la ley federal la concesión de pérdidas netas a los miembros de una sociedad tiene razón de ser, toda vez que allí la sociedad no tributa como entidad independiente y no viene por ende obligada. a pagar separadamente contribución sobre ingresos. Mertens, obra y tomo citados, secs. 35.01 y 35.24, págs., 103 y 182. *Cf. Neuberger* v. *Commissioner*, 311 U. S. 83; 85 L. ed. 58. En vista de ello los miembros de una sociedad, que son los únicos llamados a rendir planillas individuales, son los que bajo el sistema federal tienen derecho a deducir su participación en cualesquiera pérdidas sufridas por la sociedad. En Puerto Rico, sin embargo, la sociedad es una entidad separada y distinta de los socios, y bajo nuestra Ley de Contribuciones sobre Ingresos aquélla viene obligada a rendir planillas y a pagar contribuciones por los ingresos que tuviere. Tiene por tanto y a virtud de la sec. 9 (*b*) derecho a deducir las pérdidas sufridas por ella, cuyo importe se concede como una deducción al computarse su ingreso neto por el año contributivo siguiente. Empero, tanto bajo la ley federal como bajo la nuestra "una sucesión o fideicomiso" que tributen como entidades separadas y distintas a los herederos y beneficiarios que las integran, tienen derecho a deducir el monto de las pérdidas por ellas sufridas. A *contrario sensu* los herederos y beneficiarios de la sucesión o fideicomiso no tienen derecho a deducir parte alguna de las pérdidas sufridas por una u otro.

■■ El disponer la sec. 9 (*d*) que "el beneficio de esta sección será concedido *a los miembros de una sociedad*" (Bastardillas nuestras) constituye sin duda un lapsus legislativo. Ese lapsus se debió. sin duda a que al aprobarse nuestra ley de Contribuciones sobre Ingresos lo que se hizo fué adoptar el estatuto federal el que, al contrario de lo que sucede en Puerto Rico, no grava directamente las sociedades. La sec. 9 (*d*), sin embargo, no debe ser tomada aisladamente, sino que habrá de interpretarse conjuntamente con el resto de la sección de que forma parte o con el resto de la ley en

su integridad. Según dijimos en *Roig Commercial Bank* v. *Buscaglia, Tes.*, 74 D.P.R. 986, 997 "Nuestra obligación fundamental, en estos casos, es la de imprimirle efectividad a la intención legislativa, aun hasta el punto de sustituir o eliminar judicialmente alguna frase específica estatutaria, que, con diáfana claridad, haya sido incorporada a un estatuto por inadvertencia o error, hasta el punto de que esa frase derrote obviamente la intención legislativa que surja de la totalidad de la ley, ya que, en esos casos, debe prevalecer la manifiesta intención del legislador sobre la disposición literal del estatuto que esté en conflicto con esa intención. . . . " Véase también *Helvering* v. *New York Trust Co.*, 292 U. S. 455, 78 L. ed. 1361, 1366. *Cf.* Alexander, *Federal Tax Handbook*, 1954, sec. 1707, pág. 379.

El caso de *Gerstle* v. *Commissioner*, 33 B.T.A. 830, citado por los apelantes, es claramente distinguible del presente, toda vez que si bien en él se concluye que las personas que constituyeron varios sindicatos para la compraventa de inmuebles con fines de lucro constituían empresas comunes, sin embargo, como bajo la ley federal allí interpretada las empresas comunes no tributan directamente, se resolvió que los partícipes de esas empresas eran los llamados a pagar la contribución y, por ende, los que tenían derecho a deducir cualesquiera pérdidas por ellos sufridas.

Siendo bajo nuestro estatuto la empresa común una entidad tributable y teniendo ésta derecho a deducir cualesquiera pérdidas por ella sufrida, los partícipes de la misma, que son personas enteramente distintas a la empresa común, no tienen derecho a deducir en sus planillas individuales ninguna parte de las pérdidas de la empresa.

*Las sentencias apeladas deben ser confirmadas.*