JUANA JOSEFA CASTILLO PIETRI DE HERNÁNDEZ ET AL., demandantes y apelantes *v.* RAFAEL PICÓ, SECRETARIO DE HACIENDA, demandado y apelado.

Número: 12076.    Resuelto: 27 de junio de 1961.

*Víctor Gutiérrez Franqui, Luis F. Sánchez Vilella* y *C. Morales, Jr.,* abogados de la apelante; *J. B. Fernández Badillo, Secre-*

*tario de Justicia, Arturo Estrella, Secretario Auxiliar de Justicia* y *José A. García Malpica, Procurador Auxiliar,* abogados del apelado.

PER CURIAM: La recurrente señala en su alegato la comisión de los siguientes dos errores:

"1. Cometió error el Tribunal inferior al determinar *sub silentio* que doña Margarita Pietri había recibido beneficios no distribuidos de una sociedad de nombre Sucn. José Castillo Mercado.

"2. Cometió error el Tribunal al denegar *sub silentio* el crédito contra la contribución determinada en las deficiencias de doña Margarita Pietri, de la contribución ya pagada por ésta en la planilla original radicada."

En el recurso número 12075, *Sucn. Castillo* v. *Descartes, Srio. Hacienda,* 83 D.P.R. 98 (1961), acabamos de resolver en el día de hoy que la Sucn. José Castillo Mercado era a los fines del derecho contributivo, una empresa común con fines de lucro y que tributaba como una sociedad. Por lo tanto, la participación o derecho a participar de doña Margarita Pietri en las ganancias obtenidas por la sociedad Sucn. José Castillo Mercado están sujetas a tributación. *Tes.* v. *Tribl. Contribuciones y Ballester,* 69 D.P.R. 750.

El primer error no fue cometido ni tampoco el segundo. Consideramos correcta la siguiente exposición que hace el recurrido:

"De acuerdo con las alegaciones de las partes litigantes lo que pretende la parte apelante es que se le acredite o reembolse parte de la contribución sobre ingresos pagada por la supuesta sucesión José Castillo Mercado. Sin embargo, de acuerdo con la posición asumida por el Secretario de Hacienda y sostenida por el Tribunal Superior dicha Sucesión Castillo Mercado constituía una empresa común o sociedad para los años contributivos en litigio, lo cual dio margen a una notificación de deficiencias contributivas. Al determinar dicha deficiencia el Secretario de Hacienda acreditó a la misma la contribución sobre ingresos pagada por la sucesión y notificó en forma de deficiencia contributiva la diferencia. Además, el Secretario de Hacienda no-

tificó también una deficiencia a la apelante por su participación o derecho a participar en los beneficios obtenidos por la sociedad 'Sucesión José Castillo Mercado'. De manera que no tan sólo la sociedad 'Sucesión José Castillo Mercado' adeudaba una deficiencia contributiva al erario público, sino que también la apelante, como partícipe o miembro de dicha sociedad, adeudaba una deficiencia contributiva por los ingresos recibidos como participante en los beneficios de dicha sociedad. Es claro, pues, a base de la situación de hechos antes discutida, que la parte apelante no tiene derecho a que se le acredite o reembolse cantidad de dinero alguna pagada por la sociedad 'Sucesión José Castillo Mercado' por concepto de contribuciones sobre ingresos, (cf. *Calaf* vs. *Secretario de Hacienda,* 76 D.P.R. 577, 581-584) ya que tanto la apelante como la sociedad 'Sucesión José Castillo Mercado' adeudan al erario público las deficiencias contributivas objeto de litigio en el Caso 12,075 y en el presente caso, respectivamente.

"La contención de la parte apelante en cuanto a que la Sentencia *nunc pro tunc* dictada por el Tribunal Superior en 19 de octubre de 1954 le priva de un derecho adquirido en virtud de la Sentencia de dicho Tribunal del 1ro. de octubre de 1954, nos parece tan absurda que no vale la pena discutirla. Tal contención de la parte apelante equivale a sostener que un tribunal está impedido de corregir errores cometidos en una sentencia luego de percatarse de los mismos." (Alegato del recurrido, págs. 9 y 10.)

*Se confirmará la sentencia dictada por el Tribunal Superior.*